**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 07-CR-20076-8

JERRY GUNTER,

    Defendant.
                                           /

**ORDER DENYING DEFENDANT'S "MOTION TO DETERMINE
CONSTITUTIONALITY OF COCAINE BASE / COCAINE POWDER DISPARITY"**

Defendant Jerry Gunter filed the above-captioned "motion" on October 3, 2007. The court hazards to call the document a motion, as it is bereft of any meaningful argument, analysis or citation to authority. The filing merely states (1) "there are currently cases pending before the United States Supreme Court which, in some measure, deal with the disparate treatment given to those accused of possession / distribution of cocaine base (crack) versus cocaine powder," (2) Defendant is charged with distributing crack cocaine and, if convicted, faces a greater mandatory minimum sentence than if cocaine powder were involved and (3) "current law has upheld the disparity, but, should the Supreme Court hold such disparity unconstitutional, or find a portion of 21 U.S.C. § 841 unconstitutional, Defendant raises the issue of unconstitutionality here in the trial court so as to preserve it." (Def.'s Mot. at ¶¶ 1-3.) Defendant requests that the court enter an order "determining that the applicable federal statutes, insofar as they create a disparity between crack / powder cocaine are unconstitutional." (*Id.* at 2.)

The court will deny Defendant's request.  Defendant fails to offer adequate argument, analysis or citation to any authority that would support his requested relief.  The motion makes only passing reference to Federal Rule of Criminal Procedure 47 and 21 U.S.C. § 841.  In the request for relief, Defendant does not identify what "applicable federal statutes," (*id.*), the court should find unconstitutional.  Defendant even admits that current law upholds the sentencing disparity he challenges.  (*Id.* at ¶ 3.)  In the absence of a reasoned basis for the relief, the court cannot grant it.

Further, the motion is not ripe for at least two reasons.  Defendant faces no sentencing disparity unless and until he is convicted.  In addition, other pending cases, in the absence of an actual holding of the United States Supreme Court, that might potentially touch upon the sentencing disparity issue do not support a request for this court to strike down any part of a statute that has already been upheld.  In other words, a potential change in the law is not an actual change in the law meriting immediate consideration.  "A court lacks jurisdiction over the subject matter of a claim if the claim is not yet ripe for judicial review."  *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002).  Accordingly,

IT IS ORDERED that Defendant's "Motion to Determine Constitutionality of Cocaine Base / Powder Disparity" [Dkt. # 166] is DENIED.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  October 15, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 15, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\07-20076.GUNTER.DenyConstitutionalityMotion.wpd