**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 07-CR-20076-11

JERRY GUNTER,

    Defendant.
                                                     /

**ORDER DENYING DEFENDANT'S "MOTION FOR
REINSTATEMENT OF PERSONAL BOND PENDING SENTENCE"**

Defendant Jerry Gunter moved on December 5, 2007 for reinstatement of personal bond pending his April 10, 2008 sentencing hearing. The government responded on December 13, 2007. The matter having been fully briefed, the court concludes that a hearing is not necessary. *See* E.D. Mich. LCrR 12.1; E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion.

The court revoked Defendant's previous bond on July 19, 2007, finding that he violated the conditions of bond by (1) testing positive on several occasions for marijuana, cocaine and amphetamines and (2) violating state law as evinced by outstanding warrants and other state court proceedings. Defendant pleaded guilty in this court on November 28, 2007 to conspiracy to posses with intent to distribute in excess of five grams of crack cocaine.

Defendant argues in his brief that (1) while in detention he has refrained from all drug use (even though drugs are "available" there) and would test negative, (2) he has two children, including one who "has been hospitalized off and on recently," (3)

Defendant had surgery for abdominal hernia and "is currently having problems and will probably need a repair surgery," (4) his previous problems on bond "did not stem from a failure to report," (5) "this time [Defendant] will always test negative" and (6) given the five-year minimum he faces, time on bond can demonstrate to the court that his sentence should not exceed five years. (Def.'s Br. at 3-4.) These reasons do not persuade the court.

The court agrees with the government that for Defendant, having pleaded guilty, there is a presumption of detention pending sentence unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (ii) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2). Defendants' motion fails to address any of these requirements. The record as it stands cannot support either basis under § 3143(a)(2) for release. The court will therefore deny Defendant's motion. Accordingly,

IT IS ORDERED that Defendant's "Motion for Reinstatement of Personal Bond Pending Sentence" [Dkt. # 236] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 21, 2007, by electronic and/or ordinary mail.

                                         S/Lisa Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522